IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATHEW M. WOOD,

        Plaintiff,

       v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

Civ. No. 6:16-CV-00953

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Mathew M. Wood filed his application for disability insurance benefits on April 23, 2012. Tr. 25.[1] After a hearing, the administrative law judge (ALJ) issued a written decision finding Wood not disabled. Tr. 25-34.

    Wood brings this action for judicial review of the Commissioner's decision denying his application for disability insurance benefits. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the ALJ's decision was based on the proper legal standards and supported by substantial evidence, the ALJ's decision is AFFIRMED.

---

[1] "Tr." refers to the Transcript of Social Security Administrative Record (#13) provided by the Commissioner.

1—Opinion and Order

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

Before considering step four of the sequential analysis, the ALJ determined that Wood has the residual functional capacity (RFC) to perform sedentary work, with certain exceptions. Tr. 29. The certain exceptions are that Wood is limited to "no more than occasional kneeling, crouching, crawling, stooping, or climbing. He could frequently balance. He had to avoid exposure to vibrations." Tr. 29. In determining Wood's RFC, the ALJ found that Wood's

medically determinable impairments could have caused the alleged symptoms but that Wood's statements regarding the intensity of the alleged symptoms were not entirely credible because they contradicted objective medical evidence, improved with treatment, and contradicted his daily activities. Tr. 30-33. Wood argues that the ALJ failed to adequately reject, or even include in the RFC determination, his testimony regarding his memory impairments caused by his medication. Pl.'s Br. 7, ECF No. 14. Thus, at issue is the ALJ's credibility determination of Wood's statements regarding the intensity, persistence, and limiting effects of his pain and symptoms, as well as his statements regarding the side effects of his medication, in the ALJ's RFC analysis under 20 C.F.R. § 404.1545.

**1. The ALJ's Adverse Credibility Determination Regarding Wood's Pain and Symptom Testimony**

When assessing a claimant's pain and symptom testimony, the ALJ engages in a two-step analysis. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). In the first step, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). If the claimant meets the first step, and the ALJ has not determined that the claimant is malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The reasons for doing so must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

The ALJ "may consider a range of factors [when] assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154. 1163 (9th Cir. 2014). These factors can include, but are not limited to:[2]

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter*, 504 F.3d at 1040. In the present case, the ALJ supported his credibility determination with reference to several of the above factors.

The ALJ found that the objective medical evidence indicated that Wood's symptoms were not as debilitating as he testified. Wood testified that he has trouble getting out of bed, spends most of his day lying down, can only stand in place for 15 minutes at a time, and cannot sit for prolonged periods without numbness and pain in his legs. Tr. 57, 63-64. However, the objective medical evidence indicates otherwise. The ALJ pointed to different medical records indicating that Wood functions at a higher level than alleged. Tr. 30-33. For example, the ALJ noted Dr. Patrick Rask's opinion that Wood demonstrated "normal strength and reflexes in all extremities." Tr. 31. Most recently, the ALJ noted that the opinion of Dr. Todd Lewis that Wood was able to ambulate with a normal gait pattern, showed good balance and coordination, exhibited full range of motion in his joints, and did not show any signs of atrophy in his lower extremities. Tr. 32. The state agency consultant, Dr. William Habjan, found that Wood "retained the capacity to perform a range of light-level exertion involving no more than two hours of standing/walking in an 8-hour workday." Tr. 32. During a 2011 examination, Wood "sat for 1

---

[2] Effective March 16, 2016, the Commissioner issued a new rule that directs an ALJ to examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." 2016 SSR LEXIS 4, at *10. In other words, the ALJ can examine the entire case record, but that the credibility determination is not an examination of the claimant's character.

4—Opinion and Order

hour through the interview and without any significant pain behavior." Tr. 459. These opinions, along with evidence in the record, are in direct conflict with Wood's pain and symptom testimony that the ALJ referenced before discussing the objective medical evidence. *See* Tr. 30-32. The ALJ's finding that Wood's testimony was not credible because it conflicted with the objective medical evidence is a clear and convincing reason for an adverse credibility determination. *See Regenitter v. Comm'r of Soc. Sec.*, 166 F.3d 1294, 1297 (9th Cir. 1998) (explaining that a finding that a claimant's testimony contradicts objective medical evidence is a clear and convincing reason for an adverse credibility determination).

While a claimant's pain and symptom testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), it can be rejected based on contradiction with objective medical evidence along with other factors, such as improvement with treatment and daily activities that are inconsistent with the testimony, *Lingenfelter*, 504 F.3d at 1040. Here, along with the contradiction with objective medical evidence noted above, the ALJ made an adverse credibility determination of Wood's pain and symptom testimony based on two other factors: Wood's improvement with treatment and his daily activities that contradicted his testimony.

The record contains ample evidence that Wood's pain and symptoms have improved with treatment. A claimant's "improvement from treatment supports an adverse inference as to the credibility of a claim of ongoing disability." *Sumner v. Colvin*, 2013 U.S. Dist. LEXIS 120666 at *8 (D. Or. Aug. 23, 2013) (citing *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999)). The ALJ recounts and discusses records dating back to the onset of Wood's disability in 2008 indicating Wood improved with treatment. Tr. 31-33. After the initial onset of Wood's symptoms in 2008, he underwent a steroid epidural injection and it completely resolved his

symptoms. Tr. 31. Later in 2008, Wood underwent a second steroid epidural injection after aggravating his symptoms by riding a bike 8 miles per day and the second injection drastically improved his symptoms. Tr. 31. In 2010, Wood underwent a lumbar fusion surgery and noted that his discomfort was much less than before the surgery. Tr. 31. Along with that, Wood experienced improvement from physical therapy sessions by getting stronger and experiencing a decrease in leg symptoms. Tr. 33. Most recently, Wood had to undergo additional surgical intervention, but his functioning has improved since the surgical intervention. Tr. 32. Dr. Lewis noted that Wood's lower extremity motor strength is objectively better since his latest surgical intervention in August 2014. Tr. 32. Wood testified that his pain is reduced by 50% with pain medication. Tr. 55. The noted improvement with treatment contained in the record is substantial and is a clear, convincing reason to discredit Wood's testimony regarding limitations.

The ALJ also found that Wood's pain and symptom testimony was inconsistent with his daily activities. Daily activities that are inconsistent with alleged symptoms are a relevant credibility determination. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ noted that Wood "was able to participate in carnival attractions, play with young children, and drive a vehicle independently at least five times a week." Tr. 32. Moreover, the ALJ noted that Wood is able to care for the four household cats and that he goes shopping 2-3 times a week. Tr. 32-33. Importantly, the ALJ noted that the exacerbation of Wood's symptoms (after his alleged onset date) occurred while engaging in strenuous activities such as riding a bike 8 miles, participating on a carnival ride, and swinging a baseball bat. Tr. 30-31. Those activities are not indicative of a disabling condition. This, coupled with improvement with treatment, indicates that Wood can undergo treatment and perform the sedentary work that the ALJ determined Wood is capable of performing. Based on this evidence, the ALJ reasonably determined that

Wood's testimony regarding the severity of his pain and symptoms was not credible. Tr. 33. Thus, The ALJ provided another clear and convincing reason for finding Wood's pain and symptom testimony not credible.

Wood argues that these findings by the ALJ were simply a summation of the medical record and are not specific enough for an adverse credibility determination. ECF No. 14. Specifically, Wood points to the following statement by the ALJ:

> [Wood's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

Tr. 30. When considered alone, Wood is correct, that statement is not specific enough for an adverse credibility determination. However, Wood ignores the ALJ's comments prior to and immediately after this statement. The statement referenced above is a common form statement used repeatedly in decisions issued by the Commissioner and is appropriate to introduce the discussion regarding a claimant's credibility. *Tilton v. Astrue*, 2011 U.S. Dist. LEXIS 106329 at \*30 (D. Or. Sep. 20, 2011). That is exactly what the ALJ used the statement for in the present case. As noted above, the ALJ began by discussing Wood's testimony at the hearing, then he made the blanket statement referenced above, and finally he went into detail about how Wood's pain and symptom testimony is not credible because it was contradicted by the objective medical evidence, has improved with treatment, and Wood's daily activities are more than the testimony indicates. Thus, the argument proffered by Wood is misplaced and the ALJ properly made an adverse credibility determination regarding Wood's pain and symptom testimony.

**2. The ALJ's Rejection of Wood's Testimony Regarding Side Effects of Medication**

Wood also argues that the ALJ erred by failing to offer a clear and convincing reason for rejecting his testimony regarding the side effects of his medication. An ALJ can reject a claimant's testimony about side effects of medication using "ordinary techniques of credibility

7—Opinion and Order

evaluation" and providing a clear and convincing reason supported by the record that the claimant's testimony was generally not credible. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). Here, as noted above, the ALJ properly made clear and convincing findings that Wood's pain and symptom testimony was not credible. The ALJ is not required to do more with regard to Wood's testimony about the side effects of his medication when the ALJ already found Wood generally not credible. Wood argues that the ALJ was required to make the same findings when evaluating testimony regarding his side effects of pain medication as he did regarding the pain and symptom testimony. ECF No. 14. To support this contention, Wood cites to *Varney v. Sec'y of Health and Human Serv.*, 846 F.2d 581, 585-586 (9th Cir. 1988), ECF No. 14, which does stand for the proposition that the side effects of pain medication should figure into the disability determination process. However, Wood's case differs from *Varney*. In *Varney*, the claimant reported severe side effects with pain medication at the ALJ hearing and to her doctors. *Id.* at 585. The ALJ, in *Varney*, failed to even discuss the side effects of the medication that Varney complained of and the Court determined this to be error. *Id.* at 586.

Here, the ALJ discussed Wood's memory impairments at step two of the sequential process. Tr. 28. The ALJ found that Wood suffered mild limitation in the area of concentration, persistence, and pace. Tr. 28. Specifically, the ALJ noted that standardized testing revealed "no deficits in immediate or detailed memory." Tr. 28. Unlike the ALJ in *Varney*, the ALJ in the present case pointed to objective medical evidence that directly contradicted Wood's testimony. Thus, the ALJ offered a clear and convincing reason for rejecting Wood's testimony about the side effects of his medication.[3]

---

[3] I note the ALJ's findings here aligned with Wood's own comments in the record, including Wood's estimation that he was able to sustain concentration for up to 30 minutes at a time, had "no issue" following oral instructions, and could finish tasks he started. Tr. 28, 257. Additionally, during a 2011 examination, Wood "appeared to be a good historian and did not describe any cognitive issues or problems with attention or memory." Tr. 459.

Additionally, Wood offered conflicting testimony about the side effects of his medication at the hearing. When specifically asked if "there are any other impairments, any other difficulties or problems [Wood was] having that [he felt] would keep [him] from working," Wood replied "No." Tr. 54. However, at the very end of the hearing, Wood mentioned that he suffers the side effect of memory loss from his medication. Tr. 78. This conflicting testimony within the record is another clear and convincing reason to reject Wood's testimony regarding the side effects of his medication. *See Thomas*, F.3d at 960 (explaining that the ALJ can reject testimony regarding side effects of medication if the ALJ finds the claimant generally not credible). To the extent Wood offers an alternative interpretation of his memory impairments caused by his medication because he offered conflicting testimony, this Court must uphold the rational conclusion of the ALJ. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that where the evidence is susceptible to more than rational interpretation, the decision of the ALJ must be upheld). Given the conflicting testimony, the ALJ sufficiently provided another clear and convincing reason to reject Wood's testimony regarding side effects of his medication. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

## **CONCLUSION**

Because the ALJ's decision was based on the proper legal standards and supported by substantial evidence, the ALJ's decision is AFFIRMED

IT IS SO ORDERED.

DATED this 5th day of May, 2017.

_____/s/ Michael McShane_____  
Michael McShane  
United State District Judge